```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
 -------------------------------X
 LEROY HENRY

            Plaintiff,                MEMORANDUM AND ORDER

      -against-                       Civil Action No.
                                      CV-07-01005(DGT)
 MICHAEL MUKASEY, as Attorney
 General of the United States, and
 UNITED STATES CITIZENSHIP AND
 IMMIGRATION SERVICES

            Defendants.

 -------------------------------X
```

Trager, J:

On March 8, 2007, plaintiff, Leroy Henry ("Henry" or "Leroy"), brought this action seeking a declaratory judgment of citizenship pursuant to Section 360(a) of the Immigration and Nationality Act, 8 U.S.C. § 1503(a) ("Section 360(a)"). On July 2, 2007, the government moved to dismiss Henry's action on the grounds that (1) it is barred by the doctrine of res judicata; (2) it is untimely; and (3) Henry fails to meet the statutory requirements for citizenship.

On November 1, 2007, while the government's motion to dismiss was pending, Henry voluntarily asked the court to dismiss his action because he recently filed a new application for citizenship with United States Citizenship and Immigration Services("CIS"). In his request, however, Henry specified that he wanted the court to dismiss his action without prejudice, leaving

him free, should the CIS deny his application, to seek judicial review of that denial in this court.  The government agrees with Henry that his action should be dismissed, but has asked this court to dismiss it with prejudice because the action is untimely.  Thus, the only issue before the court is whether to dismiss Henry's Section 360(a) action with or without prejudice.

For the reasons set forth below, the action is dismissed with prejudice.

**Background**

Many of the following facts are irrelevant to the disposition of this case, but they are provided as background to Henry's Section 360(a) action.

On October 22, 1959, Leroy Henry was born to Lena Sharpe and Delroy Henry in Jamaica. In 1961, Delroy Henry relocated to the United States, leaving Leroy in Jamaica under Lena Sharpe's supervision. In 1967, Lena Sharpe relocated to the United States, leaving Leroy in Jamaica under his paternal grandmother's supervision. On or around February 2, 1970, Leroy Henry applied for a visa as a child of Lena Sharpe, a lawful permanent resident of the United States, and on April 19, 1970, Leroy Henry immigrated to the United States.

During his time in the United States, Leroy Henry has been convicted of several crimes.  First, on February 14, 1979, he was

convicted in Virginia for robbery, simple abduction, and use of a firearm. Then, in 1990, he was convicted in New York for attempted criminal possession of a weapon in the third degree, and sentenced to a term of two to four years' imprisonment as a second felony offender. And again, on July 1, 1996, in the United States District Court for the Southern District of New York, Leroy was convicted of two counts of mail fraud, one count of conspiracy to commit mail fraud, and interstate transportation of stolen vehicles, for which he was sentenced to forty-one months' imprisonment.

On April 23, 1999, Leroy Henry applied to the Immigration and Naturalization Service ("INS")(predecessor to CIS) for United States citizenship, claiming to have derived automatic citizenship through the naturalization of his father, Delroy Henry. The INS denied his application on August 17, 1999. On or around August 19, 1999, Leroy Henry was placed in removal proceedings and charged as an aggravated felon based on his July 1996 federal conviction. On May 25, 2000, after the Board of Immigration Appeals confirmed the INS's denial of his citizenship application, Leroy Henry became subject to an administratively final removal order.

On December 2, 1999, while Leroy Henry's removal proceedings were pending, Leroy's father, Delroy Henry, filed a complaint in this court seeking, <u>inter alia</u>, a declaration that Leroy was a United States citizen based on equal protection grounds. This

court dismissed Delroy Henry's action on August 6, 2002. Henry v. Reno, No. 99-cv-7914 (E.D.N.Y. August 6, 2002). No appeal was taken from this order.

On August 22, 2002, Leroy Henry was removed from the United States back to Jamaica.

More than three years later, on February 9, 2006, Leroy was arrested for being in the United States illegally and is currently under indictment in the United States District Court for the Southern District of New York.

This action for a declaratory judgment of citizenship followed on March 8, 2007. On November 1, 2007, however, Henry informed the court that he had filed a new application with CIS based on newly discovered evidence, and that he would like this action to be dismissed without prejudice.

## Discussion

Henry filed this claim pursuant to Section 360(a) of the INA, which provides,

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action . . . for a judgment declaring him to be a national of the United States . . . . An action under this subsection may be instituted <u>only within five years after the final administrative denial</u> of such right or privilege.

8 U.S.C. § 1503(a) (emphasis added). In other words, if an individual has been denied a right or privilege as a national of the United States, he may seek a declaratory judgment from this court that he is a national. It bears noting that Section 360(a) does not provide for judicial review of an administrative denial; rather, it provides for an independent action for a declaratory judgment. Being denied a certificate of citizenship, as Henry was, can constitute a "final administrative denial" for the purposes of Section 360(a). See Barham v. United States, No. CV 99-3983, 1999 WL 1092560, at *2 (E.D.N.Y. November 30, 1999) (noting that a plaintiff could bring a Section 360(a) action after the administrative denial of his application for a certificate of citizenship); see also Cepo v. Brownell, 147 F. Supp. 517, 517 (N.D. Cal. 1956) ("the denial of a certificate of citizenship [is] an adequate basis for an action pursuant to Section 360"). The statute, however, very clearly states that a Section 360(a) action must be brought within five years of the "final administrative denial." 8 U.S.C. § 1503(a).

In his complaint, Henry designates the August 17, 1999 denial of his certificate of citizenship application as the "final administrative denial." But Henry filed this action on March 8, 2007, well beyond the five-year time limit imposed by Section 360(a). Thus, there is no need to parse the meaning of "final administrative denial" since the only administrative action that has occurred was on August 17, 1999. Whether a

denial of Henry's pending application based on newly discovered evidence would allow for a new Section 360(a) action need not be resolved at this time.  Nevertheless, that Henry has filed a new application does not save <u>this</u> action from being untimely.  If it did, plaintiffs like Henry could continue to toll the statute of limitations by filing new applications, rendering the limitation period futile.  <u>See</u> <u>Icaza v. Shultz</u>, 656 F. Supp. 819, 822 (D.D.C. 1987) (holding that where the plaintiff was denied a passport twice, Section 360(a)'s five year statute of limitations began to run from the first denial, because otherwise the plaintiff would have been able to "indefinitely prolong the period . . . by simply continuing to file applications," rendering the limitations period "empty of meaning").

## Conclusion

Accordingly, this action is untimely and must be dismissed, but without determining the viability of any action following a denial of Henry's pending application with CIS based on newly discovered evidence. The government's motion to dismiss Henry's action with prejudice is granted.

Dated: Brooklyn, New York
December 19, 2007

SO ORDERED:

_____/s/_____
David G. Trager
United States District Judge